UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ABRAHAM,<br><br>          Petitioner,<br><br>  v.<br><br>DANIEL PARAMO,<br><br>          Respondent. | NO. CV 12-858-GW (MAN)<br><br>ORDER DISMISSING PETITION<br>AS SECOND OR SUCCESSIVE<br>AND DENYING A CERTIFICATE<br>OF APPEALABILITY |

    Petitioner, a California state prisoner, filed a habeas petition, pursuant to 28 U.S.C. § 2254, on January 31, 2012 ("Petition"). The Petition is the second habeas corpus petition filed by Petitioner in this Court stemming from his 2001 state court conviction and sentence.

    Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b).

**BACKGROUND**

On May 11, 2004, Petitioner filed a Section 2254 habeas petition in Case No. CV 04-3296-GW (MAN) (the "Prior Action"). The Prior Action petition arose out of the same 2001 state court conviction and sentence on which the present Petition is based. The Prior Action petition alleged Confrontation Clause and ineffective assistance of trial counsel claims attacking Petitioner's conviction, as well as two claims attacking Petitioner's Three Strikes sentence. The Prior Action was resolved adversely to Petitioner on the merits, and habeas relief was denied by Judgment entered on January 3, 2011. Petitioner did not appeal.[1]

A review of the dockets for the Ninth Circuit shows that Petitioner has not sought or obtained leave to file a second or successive Section 2254 habeas petition arising out of his 2001 conviction and sentence.

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of its records and files, as well as the dockets for the United States Court of Appeals for the Ninth Circuit available electronically through the PACER system.

petition when that claim was not presented in a prior petition).  "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition.  McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

In those instances when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must <u>first</u> obtain authorization from the Ninth Circuit before filing any such second or successive petition.  28 U.S.C. § 2244(b)(3).  The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)."  Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

The instant Petition alleges a single claim. Petitioner challenges his Three Strikes sentence on the ground that the evidence was insufficient to support the trial court's finding that Petitioner had sustained two prior "strikes" based on convictions he sustained in Michigan, because the Michigan convictions were not brought and tried separately.  Petitioner asserts that the sentence imposed in 2001, therefore, was "illegal."  (Petition at 5 and attachment.)

By the Prior Action, Petitioner sought Section 2254 relief based on the same 2001 conviction and sentence at issue here, and his habeas petition was resolved adversely to him on its merits.  His present challenge to the validity of his Three Strikes Sentence does not rest on newly-discovered evidence or a new rule of constitutional law.

Accordingly, the current Petition is second or successive within the meaning of Section 2244(b).[2]

As Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive petition, this Court lacks jurisdiction to consider the instant Petition. 28 U.S.C. § 2244(b); *see also* Burton, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: February 8, 2012

*George H. Wu*
GEORGE H. WU
UNITED STATES DISTRICT JUDGE

---

[2] The instant Petition also appears to be substantially untimely.

1  PRESENTED BY:

3  _____*Margaret A. Nagle*_____
   MARGARET A. NAGLE
4  UNITED STATES MAGISTRATE JUDGE